UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CAPERS**, *et al.*, | Civ. No. 2:02-05352 (WJM) |
| Plaintiffs, | |
| v. | OPINION |
| **FEDEX GROUND PACKAGE SYSTEM, INC**, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

     After it dismissed a host of claims in this decade-old employment dispute, the Court granted Plaintiffs 30 days to file a Fourth Amended Complaint. Plaintiffs were cautioned to "bear in mind that in light of how old the case is, the Court is unlikely to grant any further amendment." *Capers v. FedEx Ground*, No. 2-5352, 2012 WL 2050247, at *7 (D.N.J. June 6, 2012). Still, Plaintiffs proceeded to file their Fourth Amended Complaint out of time. Defendants now move to strike that pleading and to dismiss *with* prejudice the claims that the Court previously dismissed *without* prejudice. There was no oral argument. Fed. R. Civ. P. 78(b). Nor was there any kind of substantive opposition from Plaintiffs. Ultimately, because Plaintiffs did not have permission to file their Fourth Amendment Complaint and because they lack good cause for their departure from the Court's Scheduling Order, the Court will **GRANT** Defendants' motions pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4).

     This action was filed in 2002, transferred to the Judicial Panel on Multidistrict Litigation in 2005, and remanded to this Court in 2011. Following remand, Plaintiffs filed a Third Amended Complaint, and Defendants moved to dismiss. In an Order dated June 6, 2012, the Court granted Defendants' motion in part and provided Plaintiffs with 30 days in which to file a Fourth Amended Complaint. ECF No. 102. At 9:11 a.m. on July 12, 2012, roughly one week after

1

the deadline came and went, Defendants' counsel received an email from her adversary's assistant. It stated in full: "I am writing to ask if you will consent to [our] submitting the amended complaint today. I have not been in the office since June 29, 2012. [Counsel] did not know how to file the documents with Pacer." Pls.' Reply Br., Ex. A; ECF No. 108. Four hours later, Plaintiffs decided to upload their Fourth Amended Complaint to the docket—without consent from their adversary or this Court, and in violation of Federal Rule of Civil Procedure 15(a)(2). Accordingly, Defendants' motion to strike the Fourth Amended Complaint is **GRANTED**.

Apparently, Plaintiff attempted to submit the following cover letter along with their Fourth Amended Complaint:

> Attached please find 4th Amended Complaint. Kindly excuse the lateness. My secretary has been out of the office since June 28, 2012 due to personal issues. I have tried to reach out to [Plaintiffs' counsel] to ask for her consent to file the amended complaint late, however, I have not heard back from her.

ECF No. 107. Notably, this cover letter—which was not placed on the docket until five days later—states that counsel's secretary "has been out of the office since June 28, 2012," while the email states that she had "not been in the office since June 29, 2012." In any event, Defendants moved in a matter of days to strike the Fourth Amended Complaint. Defendants also requested that the Court dismiss *with* prejudice those claims that it dismissed *without* prejudice in its June 6, 2012 Order. At a status conference before the Honorable Mark Falk held on August 29, 2012, the motion to strike came up, and Plaintiffs' counsel represented that he did not know the motion was pending. Rather than attempt to submit a substantive opposition, Plaintiffs have, it appears, chosen to rely on the cover letter quoted above.

Having stricken the Fourth Amended Complaint, the Court must determine whether to allow Plaintiffs to re-file that pleading. In making this determination, the Court must decide whether amendments submitted in violation of a scheduling order should be considered under Federal Rule of Civil Procedure 15(a)(2) or Rule 16(b)(4). Rule 15(a)(2) provides that "a party may amend his pleadings only with the opposing party's written consent or with the court's leave, [which] the court should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In *Eastern Minerals & Chemicals Co. v. Mahan*, the district court denied leave to amend a pleading after the

2

amendment deadline had lapsed. 225 F.3d 330, 340 (3d Cir. 2000). The district court reasoned that its denial was proper under both Rule 15(a)(2) and Rule 16(b)(4), and the United States Court of Appeals for the Third Circuit affirmed. *See also Assadourian v. Harb*, 430 Fed. App'x 79, 82 (3d Cir. 2011) (denial of amendment proper under Rule 15(a)(2) and 16(b)(4)). A subsequent, unpublished opinion, *Dimensional Commc'ns., Inc. v. OZ Optics, Ltd.*, reads *Eastern Minerals* as holding that Rule 16(b)(4) applies when a party seeks leave to amend after a scheduling deadline passes. 148 Fed. App'x 82, 85 (3d Cir. 2005). This Court's reading of *Eastern Minerals* differs from *OZ Optics*'s reading. While *OZ Optics* is not published, and therefore not binding, the Court agrees with its conclusion: "a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)." *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011) (emphasis in original); *see also* 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1522.2 (3d ed. 2010) ("Wright & Miller") ("To the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments.").

Plaintiffs have not satisfied Rule 16(b)(4). Pursuant to that Rule, "[a] schedule may be modified only for good cause and with the judge's consent." Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (internal citation and quotation omitted). "Whether 'good cause' exists under Rule 16 'depends on the diligence of the moving party.'" *Id.* (internal citation omitted); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) ("[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading."). "The absence of prejudice does not constitute good cause." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.* No. 9-6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011).

Defendants do not explicitly cite Rule 16(b)(4), but they appear to rely on it in arguing that Plaintiffs have failed to demonstrate excusable neglect. *Cf. Karlo*, 2011 WL 5170445, at *2 (applying Rule 16 where Defendant's opposition references good cause standard but does not identify Rule 16). The Court agrees that Plaintiffs have not demonstrated excusable neglect, and nor have they

demonstrated diligence.  Counsel apparently missed the filing deadline because his assistant was out of the office and because he lacked familiarity with PACER.  A diligent lawyer would have surmounted both obstacles and ensured a timely filing.  If, for some reason, counsel simply could not have met the deadline, he should at the very least have sought an extension.  It does not appear that any such request was ever presented to this Court.  Ultimately, since Plaintiffs violated the Scheduling Order without good cause, the Court will not extend the time for amendment under Rule 16(b)(4).  As Plaintiffs may not file a Fourth Amended Complaint, they cannot cure the deficiencies in their Third Amended Complaint.

Accordingly, the Court will **GRANT** the motion to dismiss.  Those claims dismissed without prejudice in the Court's June 6, 2012 Order are hereby **DISMISSED WITH PREJUDICE**.  The Counts dismissed with respect to all Defendants are:  Counts I, II, III, IV, V, VI, and VII (except to the extent Count VI alleges damage to Plaintiffs' trucks).  The Counts dismissed with respect to the individual defendants only (Tyrone Gaskins, Albert Rettinger, Jim Gelhausen, Joe Collins, and Tom Dimaio) are:  Counts IX, X, and XII.  Plaintiffs' unwillingness to offer a substantive opposition to Defendants' motion suggests that they agree with this disposition. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 15, 2012**